UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 2:07-CR-21 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| WILLIAM DOUGLAS PICKEL | ) | |

**O R D E R**

The defendant has filed pretrial motions which have been referred to the magistrate judge pursuant to the standing order of this Court and 28 U.S.C. § 636. A hearing was held on May 17, 2007.

*MOTION TO COMPEL DISCLOSURE OF THE EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY, OR PREFERRED TREATMENT (DOC. 8).*

Defendant requests that the United States be ordered to disclose to him, at least 14 days prior to trial, various categories of potential impeachment information.

The motion is controlled by ¶ IV in the court's Order on Discovery and Scheduling.[1] That provision requires the United States to furnish to the defendant any evidence favorable to him regarding guilt or punishment not later than 14 calendar days prior to the commencement of trial, and any potential impeachment evidence not later than 7 calendar days prior to the commencement of the trial.

Defendant has demonstrated no basis to require the court to depart from its own order.

---

[1] Doc. 66.

Accordingly, defendant's motion is GRANTED only to the extent that the United States shall furnish the impeachment evidence at least 7 calendar days prior to the commencement of trial.

If any impeachment evidence is covered by the *Jencks* Act, 18 U.S.C. § 3500, then the provisions of that Act controls and the court is powerless to require a disclosure any earlier than the Act itself requires. *See, e.g., United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *United States v. Algie*, 667 F.2d 569 (6th Cir. 1981); *United States v. Minsky*, 863 F.3d 870 (6th Cir. 1992).

Lastly, with regard to ¶ 3 of defendant's motion, the court agrees that information which *arguably* can be characterized as a possible threat of prosecution or intimidation is both vague and ambiguous and places an unreasonable burden upon the United States. In its response, the United States asserts that it has neither threatened nor intimidated any witness to obtain information, but it has no way of knowing if any witness may have subjectively perceived a conversation with a government agent to be intimidation or a threat of prosecution. And with respect to ¶ 4 of defendant's motion, wherein he requests that he be provided all written documents between the United States and any attorney representing any testifying witness, such request implicates either attorney work product or attorney-privilege or both, and need not be furnished.

*MOTION FOR PRETRIAL DISCLOSURE OF ANY F.R.E. RULE 1006 SUMMARIES (DOC. 10).*

Defendant asks that the United States be ordered to disclose to his attorney, at least 30 days prior to trial, any charts, summaries, or calculations, including all the underlying data or information, which the United States intends to present during the trial pursuant to F.R.E. Rule 1006.

In its response, the United States argued that it had not yet made any decision regarding its proof, including whether it will use summary exhibits, and that it may not make such decisions until closer to the trial date. The United States does point out that there are numerous documents involved in this case, and "a summary chart might well assist the court and save time and document presentation." AUSA Harr also stated in her response that any documents which might be summarized in a chart already have been, or shortly will be, provided to defendant's attorney, and such complies with the requirements of the Rule.

The purpose of Rule 1006 is to save time, both for the jury and the district judge. Furnishing opposing counsel a copy of the underlying original documents is helpful, but it potentially will save no time. To be sure, opposing counsel has a copy of the original documents, but defendant's counsel would be seriously remiss in his responsibility if he did not painstakingly insure that the chart or summary was a precisely accurate summarization of those original documents. Depending upon the number of underlying documents, that comparison could take anywhere from a few minutes to a few hours.

At the hearing, AUSA Harr advised the court and defense counsel that she had made a decision regarding the summary charts she intended to utilize at trial, and she furnished one such chart to the court and attorney Laughlin for review. AUSA Harr stated that there would

be one such chart for each of the years 2003, 2004, 2005, 2006, and for a part of 2007. Each chart will purport to show the dates of trips made by defendant (or someone on defendant's behalf), the itinerary of those trips, and certain other information. Since the information on each chart will be obtained from a sizable number of other documents, the proposed charts or summaries will be quite helpful to the jury. On the other hand, the fact that the underlying information set forth on these charts will be collected from hundreds of separate documents explains why defendant's counsel must carefully inspect both the chart and those underlying documents, not only to determine if the summarized information on the charts is correct, but also to determine if any information has been omitted that potentially is helpful to the defendant.

There are competing consideration, both valid: First, as already discussed, defendant's counsel needs to see these charts or summaries as soon in advance of trial as possible in order to determine if the charts are indeed accurate summarizations. From the perspective of the United States, it is unreasonable to require such charts be prepared an extraordinary length of time in advance of trial since the United States Attorney's Office has a myriad of decisions to make regarding trial preparation, including what evidence to use or eschew.

It is now thirty-two days before trial. The United States shall prepare all charts and summary presentations it intends to use pursuant to Rule 1006 not less then 14 days prior to the trial date and make them available to defendant's attorney for inspection and comparison with the original underlying documents.

If a dispute should subsequently arise regarding the accuracy of any chart or summary,

4

such should be brought to the attention of the court *prior* to the commencement of the trial so that such dispute - hopefully - can be resolved before the trial begins.

### *MOTION FOR DISCLOSURE OF ANY RULE 404(b) EVIDENCE THE GOVERNMENT INTENDS TO INTRODUCE AT TRIAL (DOC. 15).*

Defendant requests that he be provided somewhat detailed information of any evidence of other acts, crimes, or wrongs which the United States intends to introduce against defendant pursuant to F.R.E. 404(b). He asks that this information be disclosed to him at least 14 days prior to the commencement of trial.

Firstly, Rule 404(b) is, as it name clearly indicates, a rule of evidence; it is not a rule of discovery. It requires that the United States advise the defendant of the *general nature* of any evidence of other crimes, wrongs, or acts that the United States intends to introduce against the defendant during the trial. Defendant, therefore, is not entitled to the detailed information he seeks in his motion.

As far as the timing of disclosure is concerned, that is controlled by ¶ XI of the court's Order on Discovery and Scheduling;[2] the United States shall provide at least 7 days notice in advance of trial of the general nature of any Rule 404(b) evidence.

Defendant's motion is denied to the extent that it seeks more than set forth immediately above.

### *MOTION FOR PRETRIAL DISCLOSURE OF EXPERT TESTIMONY, FACTS AND DATA UNDERLYING OPINIONS, AND QUALIFICATIONS (DOC. 16).*

---

[2]Doc. 66.

The United States' response indicates that it does not intend, at least at this time, to present any expert testimony. Defendant's motion, therefore, is IRRELEVANT.

SO ORDERED:

s/ Dennis H. Inman<br>United States Magistrate Judge